UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSICA D. HALBESLEBEN, | |
| Petitioner, | Case No. 1:19-cv-00138-REP |
| vs. | **MEMORANDUM DECISION AND ORDER** |
| WARDEN BARLOW, | |
| Respondent. | |

Petitioner Jessica D. Halbesleben filed a Petition for Writ of Habeas Corpus challenging her state court convictions and sentences. (Dkt. 1.) Respondent Warden Barlow filed a Motion for Summary Dismissal, contending that all of Petitioner's claims are procedurally defaulted. (Dkt. 13.) On December 17, 2020, Magistrate Judge Ronald E. Bush conditionally granted the Motion for Summary Dismissal on procedural default grounds and alternatively concluded that, even if the claims were not procedurally defaulted, they are meritless. (Dkt. 16.)

Judge Bush ordered Petitioner to file a response to the Order to show that her claims should not be denied on the merits. That response was due no later than January 14, 2021. (*Id.*) Petitioner filed no response to Judge Bush's Order.

On June 11, 2021, this case was reassigned to this Court upon Judge Bush's retirement. (Dkt. 18.) All named parties have consented to the jurisdiction of a United

**MEMORANDUM DECISION AND ORDER - 1**

States Magistrate Judge to enter final orders in this case. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Federal courts are not required to address a procedural issue before deciding against the petitioner on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir. 1997)(deciding against the petitioner on the merits even though the claim was procedurally defaulted). *Cf. Franklin v. Johnson*, 290 F.3d 1223 (9th Cir. 2002)("appeals courts are empowered to, and in some cases should, reach the merits of habeas petitions if they are, on their face and without regard to any facts that could be developed below, clearly not meritorious despite an asserted procedural bar"). Thus, where a procedural question presents a complicated question of law and is unnecessary to a disposition of the case, a court may proceed to the merits.

Having reviewed the record in this matter anew, and having considered the factual and legal bases of Judge Bush's Order, this Court also concludes that Petitioner's claims are without merit. For the reasons set forth in Judge Bush's Order, **IT IS ORDERED** that the Petition for Writ of Habeas Corpus is DENIED and this case is DISMISSED with prejudice.

The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this

Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED:  October 12, 2021

Honorable Raymond E. Patricco
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 3